### CHANDLER *vs.* GARR.

In an action of debt on a judgment recovered in the "County Court" of Louisa county, in the State of Virginia, the plaintiff offered in evidence the record of a judgment rendered at a "court of quarterly session" for said county: *Held,*

That there was no variance, it appearing from the record that the court of "quarterly session" was the "County Court." The judgment being recorded by the County Court at its quarterly session.

#### ERROR to Cooper Circuit Court.

MILLER *and* STEWART, *for Plaintiff in Error.*

The plaintiff in error will insist that the court below erred in admitting the record offered in evidence for the variance between the declaration and the record. The plaintiff declares upon a judgment of the "County Court of Louisa county," and from the record it appears the judgment was rendered by a court of "Quarterly Sessions" of said county; and as the record is vouched in evidence, a slight variance is material, but here is a variance in the name of the court by which

judgment was rendered.— See *Martin vs.* Miller, 3 Mo. Rep., 100; Bell & Craig *vs.* Scott, 3 Mo. Rep., 212 ; Hibler *vs.* Leross, 6 *Ibid.*, 24; Coleman *vs.* Edwards, 4 Bibb, 347.

HAYDEN, *for Defendant.*

TOMPKINS, J., *delivered the opinion of the Court.*

This is an action of debt by Aaron Garr, the appellee, against Leroy Chandler, the appellant. In the Cooper Circuit Court, Garr declared on a judgment recovered in the County Court of Louisa county in Virginia, in the year 1823, for the sum of $234 and $\frac{25}{100}$, together with costs, &c.

The declaration contained two counts each, upon a judgment of the County Court of Louisa county, Virginia. The defendant filed the plea of *nul tul record*, and the cause being at issue, was submitted to the court for trial. Upon this trial plaintiff offered in evidence a certified copy of a record of a judgment in favor of the plaintiff against the defendant, by which it appeared, that at a court of *Quarterly Sessions* held for the said county of Louisa, Virginia, judgment was rendered for the defendant for the above-mentioned sum of $234\frac{25}{100}$. The defendant objected to the introduction of this record in evidence; the court overruled the objection, the record was received in evidence, and the defendant excepted to the opinion of the court overruling his objection. The court found for the plaintiff on this evidence, and entered up judgment on that finding. The defendant moved for a new trial, because the court admitted the evidence offered by the plaintiff. The motion for a new trial was overruled, and the defendant excepted to the opinion of the court.

The defendant insists, that there is a variance betwixt the judgment as declared on, viz., a judgment of the County Court of Louisa county, and the record offered in evidence, from which it appears that the judgment was rendered *by a court of quarterly sessions of the said county of Louisa.*

The defendant relies on Miller *vs.* Martin, 3 Mo. Rep., 100 ; Bell and Craig *vs.* Scott, 3 Mo. Reports, 212; Hibler *vs.* Leross, *Ibid.*, 24; Coleman *vs.* Edwards, 4 Bibb, 347.

Without examining the authorities of the defendant, it may be admitted without hesitation, that where a record is declared on, as in this case, it is the very foundation of the action, and it must be strictly set out in the declaration.

The statement of case above given is almost literally that of the counsel of the defendant. The record itself will now be examined more particularly than it has been by him, in order to ascertain whether there is any variance betwixt the record, as it is set out in the declaration, and that offered in evidence.

The record offered in evidence commences thus: "Pleas at the court-house of Louisa county before the worshipful justices of said county, on Wednesday," &c. Afterwards, it is said that, "At rules held in the clerk's office of the County Court of Louisa county, on the first Monday in July, in the year aforesaid (1823) came Aaron Garr, by Porter, his attorney, and filed his certain bill against Leroy Chandler," &c.

The declaration is then set out, and this order is made: "Whereupon, the defendant being arrested, and not appearing on the motion of the plaintiff by his attorney, it was ordered, that judgment be entered up for the plaintiff against the defendant for the debt in the declaration mentioned, and costs, unless the defendant should appear and plead at the then *rules.*"

"At which day, to wit, at rules held in the clerk's office of said County Court on, &c, the defendant still failing to appear, and plead to issue, on motion of the plaintiff by his attorney, it was ordered, that the last order made against the defendant be confirmed, and afterwards, to wit, at a court of quarterly sessions held for the said county at the court-house, &c., Charles Thompson comes into court and undertakes for the defendant, &c. And afterwards, to wit, at a court of quarterly sessions held for the said county at the court-house thereof, &c., came as well the plaintiff, by his attorney, as the defendant, &c.; the defendant then pleads payment, the plaintiff replies, negativing the payment, and the judgment obtained against the defendant at the rules in the clerk's office is set aside."

The record then proceeds, "And now at this day, to wit, &c., at a court continued and held for the said county of Louisa, at the court-house, on the same day, &c.;" the defendant abandons his plea of payment, and remaining altogether undefended, the entry is, "Therefore it is considered by the court, that the plaintiff recover, against the defendant, the debt in the declaration mentioned, &c."

Thus we have seen that, in this case, the record of which was offered in evidence and objected to by the defendant, the pleas were held, "at the court-house of Louisa county, before the worshipful justices of said county," and that, "at the rules held in the clerk's office of the County Court of Louisa county," Aaron Garr, by his attorney, filed his bill against Leroy Chandler, and that afterwards, "at rules held in the said clerk's office of said County Court, the defendant still failing to appear and plead to issue, the judgment before obtained against the defendant was confirmed; that afterwards, at a court of quarterly sessions held for the said county of Louisa, Charles Thompson comes into court and undertakes for the defendant, that in case he shall be cast in this suit, &c.; that at a court of quarterly sessions the parties plead, and that, at a court continued and held for the said county of Louisa, the judgment is rendered for Garr against Chandler.

In all this I see nothing to repel the belief that this Court of Quarterly Sessions was the County Court. The rules (evidently for this Court of Quarterly Sessions) were "held in the clerk's office of the County Court of Louisa county;" that is to say, "in the office of the clerk of the County Court of Louisa county." It is not to be supposed that the pleadings in the causes would be made up before any one but an officer of the court before which those causes were to be tried. It was objected, that this judgment appeared on the record to have been rendered by a "*Court of Quarterly Sessions,*" whereas the declaration states it to have been rendered by the *County Court.* From the general language of the record, I can entertain no doubt but the judgment was rendered by the County Court at its quarterly sessions.

But if there were room for a doubt on this subject, that doubt is settled by another part of the record, to wit, the execution. By that writ the sheriff is com_

manded to make the sum of $235 25 cents, which Aaron Garr lately recovered, "in our County Court of Louisa county," &c. It appears evidently to be the same court called by different names, viz., " County Court," and " Court of Quarterly Sessions."

The record then, as it seems to me, is rightly described in the declaration, and the judgment of the Circuit Court of Cooper county must be affirmed. ·